IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 24-CR-87-JFH

DEREK MITCHELL BATES HELLARD,

　　　　　Defendant.

## OPINION AND ORDER

Before the Court are two motions in limine filed by Defendant Derek Mitchell Bates Hellard: (1) Defendant's First Motion in Limine – to Preclude References to either Complaining Party a "Victim" ("first motion") [Dkt. No. 24]; and (2) Defendant's Second Motion in Limine – to Preclude Presentation of "Bad Acts" and/or "Other Crimes" Evidence ("second motion") [Dkt. No. 25].[1]  For the reasons set forth, Defendant's motions are each GRANTED in part and DENIED in part.

## BACKGROUND[2]

On November 29, 2023, the Mayes County Sheriff's Office responded to a call regarding an assault in progress.  Dkt. No. 35 at 2.  Upon arrival, officers found the Locust Grove Fire Department on scene putting out a vehicle fire.  *Id.*  A subsequent investigation revealed that Defendant and his dating partner, S.O., lived together at the incident location.  *Id.*  Earlier that day, S.O. asked her child's father, D.H., to help her move out of the residence while Defendant

---

[1]  Counsel for Defendant is directed to review and comply with the Court's Chambers Rules, which limits the parties to one (1) omnibus motion in limine.  *See* https://www.oknd.uscourts.gov/jfh-chambers-rules.

[2]  The Court understands that Defendant may dispute the facts as recited by the Government. However, for purposes of the current motions only, the Court accepts the Government's recitation of the facts except where noted.

was gone. *Id.* However, Defendant returned while S.O. and D.H. were in the process of moving S.O.'s belongings out. *Id.* Defendant became enraged and struck D.H. with a metal pole. *Id.* He also struck D.H.'s truck with the pole, causing damage. *Id.* D.H. fled the scene, leaving his truck behind. *Id.*

Defendant then retrieved a can of gasoline, poured it on D.H.'s truck, and set the truck on fire. *Id.* S.O. was able to extinguish the fire with water and a blanket. *Id.* When Defendant tried to pour more gasoline on the truck, S.O. told him to stop. *Id.* Defendant pushed her down, poured gasoline on her shirt, and threatened to set her on fire. *Id.* Defendant got into his truck and drove it toward S.O., causing her to run away to avoid being hit. *Id.* Defendant then set D.H.'s truck on fire a second time before driving away from the scene. *Id.*

On March 19, 2024, Defendant was charged by indictment with four counts: (1) Assault (of D.H.) with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3); (2) Assault (of S.O.) with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3); (3) Malicious Mischief, in violation of 18 U.S.C. § 1363; and (4) Use of Fire to Commit a Felony, in violation of 18 U.S.C. § 844(h)(1). Dkt. No. 3. This case is currently set for trial on the Court's July 15, 2024 docket. Dkt. No. 37. Defendant filed two motions in limine; one to preclude use of the term "victim" during trial [Dkt. No. 24], and one to exclude evidence regarding Defendant's criminal history [Dkt. No. 25].

## DISCUSSION

I. **Motion in Limine Standard**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v.*

*Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed. App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

## II. First Motion – Use of the Term "Victim"

Defendant seeks to preclude the Government from using the term "victim" to describe S.O. or D.H. during the trial. Dkt. No. 24. Defendant argues that use of the term is improper because it: (1) encroaches on the presumption of his innocence [*Id.* at 3]; (2) bolsters the credibility of S.O. and D.H. as witnesses [*Id.* at 4]; (3) is unfairly prejudicial under Federal Rule of Evidence 403 [*Id.* at 5]; and (4) invades the province of the jury [*Id.* at 5-6]. The Government opposes each of these points [Dkt. No. 34 at 7] and argues that that because the Crime Victims' Rights Act ("CVRA") enumerates specific rights to all crime victims throughout a criminal case including the pretrial, trial, and post-trial, phases of the case, it is not improper to identify a crime victim as such, even during the trial and pretrial phases. Dkt. No. 34 at 2-7 (citing 18 U.S.C. § 3771(a) and (b)).

Neither party cites to, and the Court has not found binding authority on this issue. However, the Court is aware of non-binding decisions in which courts have recognized that the repeated use of the term "victim" may be prejudicial. *United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021) (recognizing that the term "victim" "is

prejudicial when the core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim."); (*Connecticut v. Cortes*, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), aff'd, 885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" instead of "alleged victim" violated a defendant's due process right to a fair trial); *Talkington v. Texas*, 682 S.W.2d 674, 674 (Tex. App. 1984) (holding that the use of the term "victim" in court's rape charge was reversible error when the issue at trial was whether complainant consented to sexual intercourse); *People v. Davis*, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator', the court impermissibly insinuated to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant."). Other courts have acknowledged that use of the term "victim" holds limited probative value. *See United States v. Garcia-Limon*, No. CR 21-0032 RB, 2022 WL 3334498, at *1 (E.D. Okla. May 16, 2022) ("Moreover, there is virtually no probative value in allowing the government to use the term 'victim' to describe [the individual]." (citing *Sena*, No. 19-CR-01432, 2021 WL 4129247, at *2.); *see also United States v. Ehrens*, No. CR-15-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) (finding that there was "no need by any party to refer to [the alleged victim] by any particular descriptor other than her name")).

     Having considered these authorities, the Court concludes that there is no reason for the use of the term "victim" through the presentation of evidentiary phase of the trial. However, because the Government may argue in closing, that it has met its burden to establish Defendant's guilt, it would not be unfairly prejudicial to allow the Government to follow this argument to its logical conclusion by referring to S.O. and D.H. as victims. Accordingly, Defendant's first motion is granted in part and denied in part. The Government may use the term "victim" in

closing argument only. The Government and its witnesses shall otherwise refrain from using the term. *See Garcia-Limon*, No. CR 21-0032 RB, 2022 WL 3334498, at *2; *United States v. Pena*, No. 20-CR-01903 MV, 2022 WL 1102456, at *3.

### III.     Second Motion – Evidence Related to Defendant's Criminal History

Defendant's criminal history includes the following: (1) in 2014 (Wagoner District Court case number CM-2013-384), Defendant was convicted of one count of misdemeanor domestic assault and battery in the presence of a minor and one count of misdemeanor resisting an officer; (2) in 2015 (Mayes County District Court case number CF-2014-152), Defendant was convicted of one count of felony assault and battery with a dangerous weapon and one count of misdemeanor domestic assault and battery; (3) in 2016 (Mayes County District Court case number CF-2016-499), Defendant was arrested for assault and battery and the charge was dismissed; (4) in 2016 (Mayes County District Court case number CF-2016-500), Defendant was arrested for possession of a firearm after a former felony conviction and the charge was dismissed; (5) in 2020 (Mayes County District Court case number CF-2020-127), Defendant was arrested for domestic assault and battery and the charge was dismissed; and (6) in 2022 (Mayes County District Court case number CF-2020-128), Defendant was arrested for domestic assault and battery and threatening to perform an act of violence and the charges were dismissed.[3] Dkt. No. 25 at 2-3.

Defendant argues that evidence regarding his criminal history is generally inadmissible under Federal Rules of Civil Evidence 401, 402, 403, and 404(b). *Id.* at 3-5. Defendant also argues that evidence regarding his criminal history is not admissible for impeachment under Rule 609. *Id.* at 5-7. The Government disputes only the admissibility of evidence related to

---

[3] The Court may properly take judicial notice of Oklahoma state court records. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

5

Defendant's 2015 felony conviction for assault and battery with a dangerous weapon, which, it argues, is admissible for purposes of impeachment under Rule 609. Dkt. No. 33.

Rule 609 provides that evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). However, "if more than 10 years have passed since the witness's [sic] conviction or release from confinement for it, whichever is later," the probative value must *substantially* outweigh the prejudicial effect and the offering party must give its adverse party reasonable written notice of its intent. *Id.* at (b) (emphasis added). A "special balancing test" is used for defendant-witnesses because these litigants face "a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's notes to the 1990 amendments). This balancing test has five factors:

    (1) the impeachment value of the defendant's prior crimes;

    (2) the dates of the convictions and the defendant's subsequent history;

    (3) the similarity between the past crime and charged crime;

    (4) the importance of the defendant's testimony; and

    (5) the centrality of the defendant's credibility at trial.

*Id.* If admitted, "[t]he well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment." *Id.*

### a. Consideration of the *Smalls* Factors

#### 1. Impeachment Value

"In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). However, even if a defendant's prior convictions do not involve dishonestly or false statement, a defendant still may be impeached. *Id*. (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) ("[I]t is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial."); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977).

The Court finds that Defendant's 2015 conviction for assault and battery does not involve characteristics that implicate his capacity for truthfulness. *See e.g., United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998); *United States v. Seamster*, 568 F.3d 188 (10th Cir. 1978). Therefore, this factor weighs against admitting evidence regarding the conviction for purposes of impeachment.

#### 2. Temporal Proximity

Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. Defendant's 2015 conviction and the charged conduct in this case occurred approximately eight years apart, two years less than the presumptive exclusion

threshold. Therefore, this factor weighs in favor of admitting evidence regarding the conviction for purposes of impeachment.

### 3. Similarity to Charged Crime

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (internal citations omitted). "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.* (citing *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014); *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same)).

Here, the crime of which Defendant was convicted in 2015—assault and battery—is similar to the crime of assault with a dangerous weapon with which he is charged in this case. However, it is dissimilar to the other charges in the Indictment, which include malicious mischief and using fire to commit a felony. Dkt. No. 3. The Government concedes that this factor "cuts both ways" but suggests that any potential for unfair prejudice caused by admitting evidence of the 2015 conviction could be ameliorated by allowing the jury to hear only that Defendant has a prior conviction without identifying the specific nature of the crime. Dkt. No. 33 at 6. The Court agrees. Contemplating limiting the information presented to the jury regarding the nature of Defendant's 2015 conviction in this manner, the Court finds that this factor weighs in favor of admitting evidence regarding the conviction for purposes of impeachment.

### 4. Importance of Testimony

"In considering the fourth factor, the importance of Defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3 (internal citations omitted). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id*.

Here, evidence regarding Defendant's 2015 conviction for assault and battery is potentially prejudicial in light of the current alleged offense of assault. However, as discussed above, the risk of prejudice can be mitigated allowing the jury to hear only of the conviction without identifying its specific nature. Accordingly, this factor weighs in favor of admitting evidence of the 2015 conviction for purposes of impeachment.

### 5. Centrality of Credibility

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. "Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–*e.g.,* if defendant's testimony is corroborated by other sources." *Id.* By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id*. (citing *Caldwell*, 760 F.3d at 288).

Here, the Government argues that Defendant's testimony could be central to a jury determination, because that determination "will primarily come down to the credibility of the victims and witnesses to the offense." Dkt. No. 33 at 7. While the Government intends to

9

introduce evidence to corroborate the eyewitness testimony it plans to present, the evidence described would only corroborate part of the witnesses' accounts. *Id.* For example, the Government plans to introduce cell phone video footage of the November 29, 2023 incident taken by a neighbor. *Id.* However, the videos were apparently taken from a "fair distance away" and "only capture some of the events that occurred." *Id.* Significant portions of the alleged conduct are not shown in the videos. *Id.* Additionally, while the Government plans to introduce testimony of a forensic chemist that fire debris from D.H.'s truck tested positive for gasoline, this testimony alone would not prove that Defendant threw gasoline on the truck and ignited the fire, as alleged. The Government intends to prove these alleged facts through witness testimony. *Id.*

Because Defendant does not address this factor in his motion, the Court has no information as to the extent to which Defendant will introduce evidence to corroborate any testimony he may give. Dkt. No. 25 at 6. However, because significant portions of the Government's case will be based solely on witness testimony, the Court concludes that Defendant's credibility will be central at trial. Accordingly, this factor weighs in favor of admitting evidence regarding Defendant's 2015 conviction for purposes of impeachment.

    b. **Rule 609(a)(1)(B) Balancing**

Following a review of *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). After reviewing the *Smalls* factors, the Court finds that the probative value of Defendant's 2015 conviction outweighs any potential prejudicial effect. The only factor that weighs against admissibility is factor one: impeachment value. However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements

in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (citing *Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8)'. Because all other factors weigh in favor of admissibility, the Court will allow the Government to introduce evidence of Defendant's 2015 conviction for purposes of impeachment under Fed. R. Evid. 609, provided that the jury only hears about the existence of the conviction and not the specific nature of the offense.

IT IS THEREFORE ORDERED that Defendant's First Motion in Limine – to Preclude References to either Complaining Party a "Victim" [Dkt. No. 24]; and (2) Defendant's Second Motion in Limine – to Preclude Presentation of "Bad Acts" and/or "Other Crimes" Evidence [Dkt. No. 25] are GRANTED in part and DENIED in part.

Dated this 23 day of May 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE