IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK MITCHELL BATES HELLARD,<br><br>Defendant. | Case No. 24-CR-87-JFH |

**OPINION AND ORDER**

Before the Court is the Motion to Compel Election Between Multiplicitous Counts ("Motion") filed by Defendant Derek Mitchell Bates Hellard. Dkt. No. 26. For the reasons set forth, the Motion is DENIED.

**BACKGROUND[1]**

On November 29, 2023, the Mayes County Sheriff's Office responded to a call regarding an assault in progress. Dkt. No. 35 at 2. Upon arrival, officers found the Locust Grove Fire Department on scene putting out a vehicle fire. *Id.* A subsequent investigation revealed that Defendant and his dating partner, S.O., lived together at the incident location. *Id.* On November 29, 2023, S.O. asked her child's father, D.H., to help her move out of the residence while Defendant was gone. *Id.* However, Defendant returned while S.O. and D.H. were in the process of moving S.O.'s belongings out. *Id.* Defendant became enraged and struck D.H with a metal pole. *Id.* He also struck D.H.'s truck with the pole, causing damage. *Id.* D.H. fled the scene, leaving his truck behind. *Id.*

---

[1] The Court understands that Defendant may dispute the facts as recited by the Government. However, for purposes of the current motions only, the Court accepts the Government's recitation of the facts except where noted.

Defendant then retrieved a can of gasoline, poured it on D.H.'s truck and set the truck on fire. *Id.* S.O. was able to extinguish the fire, with water and a blanket. *Id.* When Defendant tried to pour more gasoline on the truck, S.O. told him to stop, Defendant he pushed her down, poured gasoline onto her shirt, and threatened to set her on fire. *Id.* Defendant got into his truck and drove it toward S.O., causing her to run away to avoid being hit. *Id.* Defendant then set D.H.'s truck on fire a second time before driving away from the scene. *Id.*

On March 19, 2024, Defendant was charged by indictment with four counts: (1) Assault (of D.H.) with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3); (2) Assault (of S.O.) with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3); (3) Malicious Mischief, in violation of 18 U.S.C. § 1363; and (4) Use of Fire to Commit a Felony, in violation of 18 U.S.C. § 844(h)(1). Dkt. No. 3. This case is currently set for trial on the Court's July 15, 2024 docket. Dkt. No. 37. Defendant filed the instant Motion, arguing that Counts Three and Four are multiplicitous because rely they upon identical allegations of criminal conduct. Dkt. No. 26 at 3-4. Defendant seeks an order compelling the Government to elect one of the two counts to proceed upon at trial. *Id.*

**DISCUSSION**

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Multiplicitous counts "are improper because they allow multiple punishments for a single criminal offense" in violation of the double jeopardy clause of the Constitution. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). Allowing multiplicitous counts at trial "may falsely suggest to a jury that a defendant has committed not one by several crimes." *Johnson*, 130 F.3d at 1426 (quotation omitted). "Once such a message is conveyed to the jury, the risk increases that the jury will be

diverted from a careful analysis of the conduct at issue, and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Id*. (quotation omitted). However, multiplicity is not fatal to an indictment, and district courts have discretion whether to require the prosecution to elect between multiplicitous counts before trial. *Id*. at 1424, 1426. It is only "multiplicitous sentences [which] violate the Double Jeopardy Clause." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (emphasis added) (quotation omitted). If an indictment results in multiplicitous convictions, the proper remedy "is to vacate one of the underlying convictions as well as the sentence based upon it." *Id*. (quotation omitted).

"A person may be prosecuted for more than one crime based on the same conduct if: (1) each crime requires proof of a fact that the other does not; or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (internal citations omitted). Neither party directs the Court to a statement of congressional intent to impose cumulative punishment. The Court thus focuses on the first inquiry, often called the "same elements test," which functions "as a proxy for congressional intent in the usual case." *United States v. Christie*, 717 F.3d 1156, 1173 (10th Cir. 2013). This test, derived from *Blockburger v. United States*, 284 U.S. 299, 304 (1932), "requires [the Court] to inquire whether each offense at issue contains an element not contained in the other. If the answer is yes, . . . Congress authorized punishments for both offenses; if the answer is no, . . . Congress authorized punishment for only one offense." *Id*. (quotations omitted).

Count Three charges Defendant with Malicious Mischief, in violation of 18 U.S.C. § 1363. Dkt. No. 3 at 3. Count Three requires the Government to prove that: (1) Defendant "willfully and maliciously destroy[ed] or injur[ed] any structure, conveyance, or other real or personal property,

or conspire[ed] to do such an act;" (2) in Indian Country. 18 U.S.C. § 1363; Dkt. No. 3 at 3. Count Four charges Defendant with Use of Fire to Commit a Felony, in violation of 18 U.S.C. § 844(h)(1). Dkt. No. 3 at 4. Count Four requires the Government to prove that Defendant used fire to commit a felony for which he may be prosecuted in a court of the United States. 18 U.S.C. § 844(h)(1).

Count Three requires proof that Defendant destroyed or damaged property (or conspired to do so) and that the charged conduct occurred in Indian Country, but it does not require proof of the use of fire. 18 U.S.C. § 1363. Whereas Count Four does require proof of the use of fire but does not require proof that property was damaged or destroyed or that charged conduct occurred in Indian Country. Because each of Counts Three and Four require proof of a fact that the other does not, they are not multiplicitous.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Election Between Multiplicitous Counts [Dkt. No. 26] is DENIED.

Dated this 23 day of May 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE